Per Curiam.

Where defendant pleads guilty to a violation of article 220 of the Penal Law, a medical examination to determine whether defendant is a narcotic addict is not required prior to .sentencing unless the court has reason to believe from defendant’s behavior while in custody or before the court, that he may be .addicted. (Mental Hygiene Law, § 81.19; People v. Olson, 36 A D 2d 966.)
While the failure of the court to afford a defendant his right of allocution (CPL 380.50) ordinarily requires a reversal of the sentence and a remand for resentence (People ex rel. Emanuel v. McMann, 7 N Y 2d 342; People v. Sullivan, 3 N Y 2d 196) no useful purpose would be served thereby in this case, since defendant has served the sentence imposed (People v. Gifford, 2 A D 2d 642) and the error applies solely to the sentence. (People v. Ruffin, N. Y. L. J., June 5, 1973, p. 2, col. 1.) In such case any question as to the validity of the sentence has been rendered moot (People v. Nogan, 25 A D 2d 528).
The appeal should be dismissed.
Concur — Markowitz, P. J., Quinn and Lupiano, JJ.
Appeal dismissed.